UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DWAYNE RIGGINS,

              Petitioner,                        12-cv-3903 (NSR) (GAY)

   -against-

                                            MEMORANDUM
DAVID ROCK,[1]                               DECISION

              Respondent.
----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Dwayne Riggins ("Petitioner"), an inmate at the Upstate Correctional Facility proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Now pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge George A. Yanthis, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied in its entirety. Petitioner has filed objections to the R&R with the Court. For the following reasons, the Court adopts the R&R, and the petition is denied and dismissed. The Court presumes familiarity with the factual and procedural background of this case.

## I. STANDARDS OF REVIEW

### A. Habeas Petition Reviewing a State Court Decision

      When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d

---

[1] The caption has been amended to reflect Petitioner's transfer from the Green Haven Correctional Facility to the Upstate Correctional Facility.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2013

Copies mailed/faxed 10/21/2013
Chambers of Nelson S. Román, U.S.D.J.

Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. *A judge of the court shall made a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Courts "generally accord[] leniency" to objections of *pro se* litigants and construe them "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks and

citations omitted). However, the *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)).

## II. PETITIONER'S OBJECTIONS

Petitioner asserts that Judge Yanthis erred in: (1) finding no cognizable claim for habeas relief under the U.S. Constitution where a state court grand jury does not vote a "true bill" of indictment, (2) finding no prosecutorial misconduct by the district attorney who allegedly pursued the prosecution in the absence of an indictment because the evidence shows the "true bill" of indictment was not fabricated, (3) applying the *Strickland* test to determine whether appellate counsel was ineffective instead of the "cause and prejudice test" of *Murray v. Carrier*, 477 U.S. 478 (1986), (4) finding no indication in the record that, at the time of his plea, Petitioner was mentally incompetent or otherwise lacked the mental capacity required to enter into a guilty plea, and (5) finding that appellate counsel was not ineffective because he filed an *Anders* brief stating Petitioner's direct appeal had no merit.

### A. Defective Indictment and Prosecutorial Misconduct

Petitioner objects to Magistrate Judge Yanthis's finding that the failure of a state prosecutor to secure an indictment by a grand jury does not rise to the level of a constitutional violation. In support of his objection, Petitioner cites three inapposite federal criminal cases, *United States v. Rivera-Donate*, 682 F.3d 120 (1st Cir. 2012); *United States v. Tran*, 234 F.3d

3

798 (2d Cir. 2000); *Stirone v. United States*, 361 U.S. 212 (1961), and one habeas case dealing with a state indictment wherein the identity of the purported criminal was unknown at the time of the indictment, *United States ex rel. Curtis v. Warden of Green Haven Prison*, 329 F. Supp. 333 (E.D.N.Y. 1971). In particular, Petitioner relies on *Curtis,* which states that if a person "was denied the indictment protection which all other accused persons are afforded under New York constitutional and statutory law he has a due process claim," and that New York "cannot arbitrarily deny [indictment protection] to one man and grant them to all others." *Id.* at 335. However, on appeal, the Second Circuit in *Curtis* held that "whenever a state has chosen to afford its citizens the protection of an indictment procedure, . . . the equal protection clause must be satisfied," but there is no due process right to the indictment procedure. 463 F.2d 84, 87 (2d Cir. 1972). Additionally, "[a]lthough the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." *Alexander v. Louisiana,* 405 U.S. 625, 633 (1972); *see also Fields v. Soloff,* 920 F.2d 1114, 1118 92d Cir. 1990) ("The Fifth Amendment right to indictment by a grand jury was not incorporated by the Due Process Clause of the Fourteenth Amendment, and, accordingly, does not pertain to the states."). Thus, at best Petitioner has an equal protection claim, which he did not assert in the state courts and does not argue in his objections, if in fact he was prosecuted in the absence of a "true bill" of indictment.

Regardless, the record demonstrates that the grand jury returned a signed "true bill" of indictment, despite Petitioner's conclusory assertion that this true bill was forged. As Petitioner reiterates his forgery assertion in his objection, the Court need only review the R&R for clear error and finds none. *Ortiz v, Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). The Court

notes that it lacks the power to reexamine the Appellate Division's conclusion that Petitioner was not denied due process of law under the New York Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Therefore, the indictment was valid, the trial court had jurisdiction to hear his criminal case, and the district attorney did not commit prosecutorial misconduct. Accordingly, Petitioner's first two objections must be rejected.

### B. Standard for Ineffective Assistance of Appellate Counsel

Petitioner contends that the "cause and prejudice test" of *Murray v. Carrier*, 477 U.S. 478, 492 (1986) ("[C]ounsel's failure to raise a *particular* claim on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts."), applies in determining whether appellate counsel was ineffective. However, neither the Appellate Division nor the New York Court of Appeals held that Petitioner procedurally defaulted. Additionally, the R&R states that its conclusions are based upon an evaluation of Petitioner's claims on their merits without regard to the issue of exhaustion, such that there is no conclusion that Petitioner procedurally defaulted. Furthermore, the Petition itself asserts ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, Judge Yanthis was correct to apply the *Strickland* test, under which Petitioner must show (1) appellate counsel's performance "fell below an objective standard of reasonableness" and (2) a "reasonable probability" that but for counsel's error, "the result of the proceeding would

have been different." *Id.* at 687–89, 693–94; *see also Smith v. Robbins*, 528 U.S. 259 (2000) (acknowledging that *Strickland* test applies to appellate counsel).

### C. Appellate Counsel Not Ineffective and Plea Was Valid

In applying the *Strickland* test, Judge Yanthis determined that appellate counsel's performance did not fall below an objective standard of reasonableness because, judging from the record, there was no indication at the time of Petitioner's plea that he was mentally incompetent or lacked the requisite mental capacity to enter a guilty plea. Petitioner reiterates his argument that reports from a psychologist hired by trial counsel rendered Petitioner incompetent to enter a guilty plea, and the Court reviews this objection for clear error. *Ortiz*, 558 F. Supp. 2d at 451. As the R&R sufficiently addressed the opinions of Petitioner's expert and of the district attorney's expert, the Court finds no clear error in the finding that Petitioner was not incompetent when he entered his guilty plea. Furthermore, the transcript of the plea hearing demonstrates that Petitioner had a factual and rational understanding of the proceedings. *See Godinez v. Moran*, 509 U.S. 389, 399 (1993). The prosecutor in open court conducted a lengthy allocution, wherein Petitioner acknowledged that he understood he was waiving his rights to remain silent, to a jury trial, to confront witnesses against him, to present witnesses on his own behalf, and to appeal his conviction and sentence. Petitioner also acknowledged satisfaction with trial counsel's performance and that he had sufficient time to discuss his plea with trial counsel.

Based on the foregoing, appellate counsel was correct to determine that an appeal would be frivolous. Appellate Counsel's *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), written to the Appellate Division thoroughly addressed whether the guilty plea was knowing, intelligent and voluntary, and discussed at length the transcript of the plea hearing and the fact

that Petitioner in open court waived his right to appeal the plea and sentence. Therefore, there was no ineffective assistance of appellate counsel. The cases upon which Petitioner relies for the proposition that appellate counsel abandoned him merely by filing the *Anders* brief are inapposite.

## CONCLUSION

For the reasons stated above, this Court adopts the Report and Recommendation. The petition for a writ of habeas corpus is, therefore, DENIED. The Clerk of Court is directed to close this case.

Dated: October 21, 2013  
      White Plains, New York

SO ORDERED:

_____ 10/21/13  
NELSON S. ROMÁN  
United States District Judge